UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN D. GRANT<br>    PLAINTIFF | CIVIL ACTION NO. 07-194-JJB-DLD |
| VS. | |
| GREGORY BARRO AND<br>GREGORY J. BARRO, A<br>PROFESSIONAL LAW CORPORATION<br>    DEFENDANTS | |

## ANSWER AND DEFENSES

**NOW INTO COURT**, through undersigned counsel, come Defendants Gregory Barro and Gregory J. Barro A Professional Law Corporation ("Defendants"), who hereby respond to the Complaint by Plaintiff Karen D. Grant ("Plaintiff") by denying each and every allegation unless specifically admitted herein, and further responding as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiff fails to state a claim against Defendants inasmuch as Defendants are not collecting a debt, nor are Defendants debt collectors as contemplated under the Fair Debt Collection Practices Act.

## THIRD DEFENSE

Plaintiff fails to state a claim upon which relief may be granted inasmuch as Defendants' prayer for attorney's fees pursuant to Louisiana Revised Statutes 9:2781 is not a debt for purposes of the Fair Debt Collection Practices Act.

## FOURTH DEFENSE

Defendants took no action as debt collectors that may be deemed to be either unfair or an unconscionable means of collecting a debt.

## FIFTH DEFENSE

Defendants did not use any false, deceptive or misleading representations or means in connection with the collection of any debt.

## SIXTH DEFENSE

Defendants' practices, procedures, methods and conduct were consistent with applicable and federal and state statutes, regulations and laws.

## SEVENTH DEFENSE

Defendants' conduct in this action did not cause actual damages.

## EIGHTH DEFENSE

Plaintiff has not suffered any legally cognizable injury in fact and therefore does not have a viable claim against Defendants and is not entitled to recovery from or against Defendants.

## NINETH DEFENSE

The sole and proximate cause or, in the alternative, a proximate contributing cause, of any alleged damages or losses, which are denied, was Plaintiff's failure to exercise reasonable care.

## TENTH DEFENSE

Plaintiff has failed to mitigate any actual damages, if any, that she sustained.

## ELEVENTH DEFENSE

Defendants plead the defense of offset.

## TWELTH DEFENSE

Defendants plead the defenses of bona fide error, unintentional error and good faith.

## THIRTEENTH DEFENSE

Defendants assert that all actions taken in this matter are subject to the doctrine of absolute witness immunity and/or the litigation privilege.

AND NOW, further responding to the specific allegations in the Complaint, Defendants allege the following:

1.

The allegations in paragraph 1 are introductory and require no response. To the extent a response is required, Defendants deny any liability pursuant to the Fair Debt Collection Practices Act.

2.

Defendants admit the allegations in paragraph 2.

3.

Defendants admit the allegations in paragraph 3.

4.

Defendants admit only that Gregory Barro ("Barro") is a Louisiana attorney, who is licensed to practice law in Louisiana. The remaining allegations in paragraph 4 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 4

5.

Defendants admit only that Gregory J. Barro, A Professional Law Corporation ("Barro PLC") is a Louisiana Corporation authorized to do business in Louisiana, for whom Gregory J. Barro is the registered agent. The remaining allegations in paragraph 5 call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in paragraph 5.

6.

Defendants deny the allegations in paragraph 6 as written. Defendants admit only that Defendant Barro executed an affidavit on or about February 5, 2007 and that the affidavit is the best evidence of its contents.

7.

Defendants deny the allegations in paragraph 7 as written. Defendants admit that Plaintiff owes Bellsouth Telecommunications, Inc. a principal balance of $691.08 for telephone services.

8.

Defendants deny the allegations as written. Defendants admit that the February 5, 2007 affidavit of Defendant Barro and the attachment thereto were filed as an exhibit to a petition on open account filed in Baton Rouge City Court in a case entitled *Bellsouth Telecommunications, Inc. v. Karen D. Grant a/k/a Karen D. Moore*, No. 0702-01142-C.

9.

Defendants deny the allegations in paragraph 9.

10.

Defendants deny the allegations in paragraph 10.

11.

Defendants deny the allegations in paragraph 11.

12.

Defendants deny the allegations in Plaintiff's prayer for relief.

13.

Defendants request a trial by jury on all issues so triable.

**WHEREFORE**, Defendants hereby pray that, after due proceeding, there is judgment in Defendants' favor and against Plaintiff, denying any relief and dismissing the claims that Plaintiff's sole costs and expense.

RESPECTFULLY SUBMITTED:

_/s/ Tara E. Montgomery_____
James R. Chastain, Jr., TA (Bar Roll #19518)
Tara E. Montgomery (Bar Roll #29354)
Kean Miller Hawthorne
D'Armond McCowan & Jarman, L.L.P.
One American Place, 22nd Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999

*Attorneys for Gregory Barro and Gregory J. Barro
A Professional Law Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer and Defenses has been filed electronically using the CM/ECF system this day. Notice of this filing will be sent to the following counsel by operation of the court's electronic filing system:

Garth J. Ridge, Attorney for Plaintiff
251 Florida Street, Suite 301
Baton Rouge, LA 70801

Baton Rouge, Louisiana, this 14th day of May, 2007.

____/s/Tara E. Montgomery_____
Tara E. Montgomery