UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KAREN D. GRANT
PLAINTIFF

CIVIL ACTION

VERSUS

NO. 07-194-JJB-DLD

GREGORY BARRO AND
GREGORY J. BARRO
A PROFESSIONAL LAW CORPORATION
DEFENDANTS

**RULING AND ORDER**

This matter is before the court on a motion (doc. 19) by defendants for attorneys' fees. Plaintiffs filed an opposition, defendants have filed a reply brief. There is no need for oral argument.

The main issues before the court concern (1) whether defendant is entitled to an award of attorney's fees in this case and (2) if so, what amount is reasonable.

**DEFENSE COUNSEL'S ENTITLEMENT TO ATTORNEYS' FEES**

Defendant Gregory J. Barro and Gregory J. Barro, A Professional Law Corporation ("Barro") seeks attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) (providing that court may award to the defendant counsel attorney's fees upon a finding that an FDCPA action was brought in bad faith and for the purpose of harassment) or, alternatively, 28 U.S.C. § 1927 (providing that any attorney who unreasonably and vexatiously multiplies proceedings in any case may be required

by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct). [1]

Granting Barro's motion to dismiss, this court declined to find Barro subject to FDCPA sanctions when Barro was not acting as a debt collector when filing affidavits for attorney's fees in city court. (Doc. 17, p. 4,5). Barro contends that plaintiff's counsel transformed a simple suit on open account into a federal action based on unfounded FDCPA claims, using this lawsuit as a mechanism to avoid payment of the Bellsouth debt and to intentionally force Barro to decide whether to dismiss or to settle the legitimate suit on open account in order to avoid the cost of defending against the FDCPA action and requiring Barro to incur unnecessary fees related to defending itself. Barro offers as evidence the fact that in city court plaintiff filed a general denial instead of answering issues related to the Barro affidavit; that plaintiff thwarted judicial expediency by filing the FDCPA suit in this court two days later; and that plaintiff's FDCPA allegations were based on a very strained interpretation of the FDCPA not well founded in case law (a fact about which, Barro argues, plaintiff's counsel should have been well aware based on his extensive

[1] 15 U.S.C. § 1692k(a)(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. *On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees* reasonable in relation to the work expended and costs.

28 U.S.C. § 1927 Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

experience in FDCPA litigation).

Attorney's fees are awarded under **15 U.S.C. § 1692k(a)(3)** to prevailing attorneys in FDCPA cases. *Johnson v. Eaton*, 80 F.3d 148 (5thCir. 1996). To recover fees, the prevailing defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir.) *modified on other grounds*, 761 F.2d 237 (5th Cir.1985). There are few Fifth Circuit cases defining 1692's "bad faith" and "harassment". "Bad faith" has been described by other circuits as "not simply bad judgment or negligence, but implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity." *Shah v. Collecto, Inc.*, Not Reported in F.Supp.2d, 2005 WL 2216242 (D.Md., 2005) (quoting Black's Law Dictionary 139 (6th ed. 1990). A bad faith law suit is one "where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass . . . rather than to obtain a favorable judgment." *Glick v. Koenig*, 766 F.2d 265 (7thCir. 1985). *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 828 (7th Cir.1984). Other circuit courts have made distinctions regarding 1692's bad faith and harassment: *Jacobson v. Healthcare Financial Services, Inc.*, 434 F.Supp.2d 133 (E.D. N.Y., 2006) (though a finding of summary judgment for the defendant is insufficient to establish bad faith on plaintiff's part, award under 1692k(a)(3) was appropriate when plaintiff debtor acknowledged the validity of underlying debt and that he did not feel harassed, threatened or misled by the letter, and debtor's

mistaken claim of statutory violation was based on strained construction of the letter's language); *DeBusk v. Wachovia Bank*, Not Reported in F.Supp.2d, 2006 WL 3735963 (D.Ariz., 2006) (From the very beginning, it was clear that plaintiff's claims lacked any basis in law or fact);*Black v. Equinox Financial Management Solutions, Inc.*, 444 F.Supp.2d 1271 (N.D.Ga., 2006) (claim against defendant was based on little more than a hunch and plaintiff took no steps prior to filing his Complaint to confirm this hunch). Courts have declined to find bad faith and harassment in several instances: *Franco v. Maraldo*, Not Reported in F.Supp.2d, 200 WL 288378 (E.D.La., 2000) (court dismisses plantiff's FDCPA claim but there was "nothing to suggest that plaintiff filed the suit with an improper motive", plaintiff had reason to believe the defendant was a debt collector and the body of the letter failed to comply with FDCPA technical requirements); *Guerrero v. RJM Acquisitions LLC*, __ F.3d __, 2007 WL 2389825 (9thCir. 2007) (no evidence of bad faith or harassment besides the defense attorney's assertion that plaintiff's claims were frivolous).

The Fifth Circuit has held that **28 U.S.C. § 1927** sanctions must be predicated on actions that are both "unreasonable" and "vexatious." *Travelers Ins. Co. v. St. Jude Hosp., Inc.*, 38 F.3d 1414 (5th Cir.1994). To find such, there must be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court. *Edwards v. General Motors Corp.*, 153 F.3d 242 (5th Cir. 1998). Fifth Circuit courts have found unreasonable and vexatious behavior in several instances, none of which involve actions as benign as those alleged here: *Edwards v. General Motors*

*Corp.*, 153 F.3d 242 (5th Cir. 1998) (attorney abandoned her suit, but willfully required opposing party to continue to defend it, and required the court to continue to consider its merit); *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414 (5th Cir. 1994) (attorney waited for more than one year after entry of judgment against his client in order to move for relief from judgment based on trial judge's alleged partiality and failure to disqualify himself where there was nothing in record to demonstrate any partiality or appearance of partiality on part of trial judge); *Cambridge Toxicology Group, Inc. v. Exnicios*,495 F.3d 169 (5th Cir. 2007) (attorney denied leave to amend four times tried to avoid effects by filing a second case in an attempt to add the same causes of action; after stern warnings, filed a Reply to Counterclaim, Counterclaim, and Third-Party Demand, all of which sought to add the same parties and causes of action; whose trial conduct warranted a halt to the proceedings and a stern contempt warning; and who informed defendants' counsel after the trial that he would continue the litigation to generate more fees).

The burden of proof under either of these statutes is substantial. While plaintiff might have lacked sufficient evidence to support his claim, plaintiff's actions do not rise to the level of "unreasonable" and "vexatious" as required by 28 U.S.C. § 1927 nor is there sufficient evidence of the bad faith and harassment required by 15 U.S.C. § 1692k(a)(3). In its Ruling on the Motion to Dismiss (doc. 17), the Court acknowledged both that there was ambiguity as to whether or not an obligation to pay attorney's fees constitutes a "debt" as understood under the FDCPA (*see* doc.

17, p. 4) and that "litigating attorneys are not exempt from the FDCPA if they otherwise qualify as debt collectors". It is therefore conceivable that plaintiff's attorney would think his client had a fighting chance in the suit at hand. Accordingly, an award of attorney's fees is not appropriate.

**CONCLUSION**

Accordingly, for the foregoing reasons, the motion (doc 19) by defendant for an award of attorney's fees is hereby DENIED.

Baton Rouge, Louisiana, November 1, 2007.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA